THIS wás a suit in chancery brought by Breckenridge’s heirs against Clinkinbeard, to . compel the specific execution of a contract entered into between Breckenridge and Clinkinbeard, on the Sd of July, 1797, whereby Breckenridge undertook, at his own ex¿. pence, to adjust by suit at law or otherwise, a claim of 500 acres of land, which Clinkinbeard held in Bourbon county ; and Clinkinbeard gave to Breckenridge full power for that purpose, and agreed when the title was ascertained, to convey to him .one equal moiety in quan. tity and value, of what he might recover.
Breckenridge, sometime afterwards, sold and received the price of fifty three acres of land, which Clinkinbeard conveyed to the purchaser; but the latter resists any further execution of the contract on his part, on the ground, that Breckenridge failed to perform his part of the contract.
The circuit court dismissed the bill, and the complainants have brought the case to this court by writ of error.
It appears that there were various adverse claims conflicting with that of Clinkinbeard; and that against James Kenny, who held one of those conflicting claims, Breckenridge, shortly after entering into the contract' with Clinkinbeard, brought suit and recovered judgment in ejectment, to enjoin which, Kenny filed his *128 bill in chancery, relying upon the validity of his entry r - p|la)- jjjS entry was sustained as to part .only of the land in controversy, and ¡hat Breckenridge managed these suits for Clinkinbeard, both in the inferior and appeilate court. Bui it further appears, that Kenny afterwards prayed for a hill of review in the Paris district court. which was adjourned to the general court, where the bill was allowed to be filed and a demurrer to it overruled, and Clinkinbeard compelled to putin bis answer ; but that the hill of review was finally dismissed :■ That Breckenridge did not manage the defence for Clinkinbeard to the bill of review; and that he had to employ other counsel for that purpose, and that Clinkinbeard paid the expences attending these various suits, and the value of the improvements adjudged in favor of Kenny, on the land which was recovered of him.
Where a complainant ckimmg”the specific execution of thougli lie1" lias not whoijy performed showstiiathe cannot be pV'ceU in statucpio, default”a”to the residue he is entitled exocution ° Butwhe/ehe maybe placedin stam cefiving compensation fi r what he has in default for the residue, he is not cree^iVs^e" eificexeou-6 tion.
it also appears, that Clinkinbeard, as late as 1805 and I806, had to bring two other suits against other adverse claimants, and employ other counsel; and he alleges that there are still other controversies depend-big. and refers to a suit in which a decree had been pronounced at the time in which he files an amended answer, by which he had lost a part of the land in controversy.
2. Upon the whole, it does not appear that Breckenridge paid any part of the expences incurred, although, by his agreement, he was bound to pay the whole; nor did he even as counsel or attorney at law, attend to and procure the final adjustment of any one 0f the various conflicting claims. Under these circumstances, we cannot suppose that he or his heirs, can be entitled to a specific execution of the contract on the part of Clinkinbeard ; for it is a settled rule of e(fuity, that if any one fails to perform his part of an agreement, or if it has become impossible to bepcrformed, he cannot insist on a specific performance. If, indeed, he has performed so much of his part of the agreement that he cannot be put in statu quo, and is in no default for not performing the residue, he will been, to a specific performance. Butin this case, t'cekeririll<ge may be placed in statu quo, by receivbig a compensation for his services rendered in the part he performed; and as to the residue, he most obvious. *129 ly cannot be said to be in no default for failing to perform it
The decree miist be affirmed with costs.