## Johnson, et al. v. Gunnell.

(Decided October 23, 1917.)

### Appeal from Floyd Circuit Court.

1. Appeal and Error—Quieting Title—Form of Judgment.—In an action to quiet title, a defendant, who has failed to establish in himself title to any part of the land, cannot complain that the judgment upon an issue between other parties orders a sale of the land; or that plaintiff, who had shown his right to an undivided part of it only, was adjudged the whole of the land.

2. Quieting Title—Evidence—Vendor and Purchaser—Notice.—In an action to quiet title, title bonds and deeds of plaintiff, executed by the heirs of a common grantor, held to prevail over an alleged lost title bond of such grantor and alleged lost deed of his heirs to defendants, where neither was recorded, and where there was no proof of notice to plaintiff or to his vendors, of the existence of the unrecorded title bond and deed, or of their prior execution and delivery, or of the parties to the deed.

3. Appeal and Error—Evidence—Judgment.—In an action to quiet title, evidence held, as against the parties appealing, to support the judgment of the chancellor adjudging title to land in plaintiff.

HARKINS & HARKINS for appellants.

A. J. MAY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

On March 3, 1905, A. J. Gunnell and wife sold a tract of land to N. B. Armstrong by written contract, by the terms of which they agreed to convey it to Armstrong upon the payment, one month thereafter, of ten dollars per acre, when the acreage should be determined by a survey. Armstrong assigned this contract to the Lowther-Kaufman Oil & Coal Company, a West Virginia corporation, which had the land surveyed, but failed to make the payments therefor, as provided in the contract.

On June 6, 1907, A. J. Gunnell filed this action in the Floyd circuit court against the Lowther-Kaufman Oil & Coal Company, alleging that there were 57 acres of land in the tract sold, and that defendant was indebted to him in the sum of $570.00, and praying that he be given judgment for this amount; that he be adjudged a lien on the land, and that a sufficiency of same be sold to satisfy his debt, interest and costs. The Lowther-Kaufman Oil & Coal Company filed an answer and cross-petition, in which it admitted its purchase of the land at $10.00 per acre, which, it alleged, it was ready, willing and able to pay when plaintiff could make to it a general warranty deed, as he had contracted to do. It further alleged that, since its purchase of the land, it had learned that appellants, Jasper Johnson, James W. Johnson, Augusta Johnson, Minerva Johnson, Kate Williams and Elizabeth Watson, were claiming to be the owners and in possession of the land; that they were necessary parties to the action; and that they and plaintiff should be required to settle the title between them before it should be adjudged to pay for the land. The appellants were summoned, but before filing answer to the cross-petition of the defendant coal company, they moved that the defendant be required to execute a bond for costs, which it failed to do, and its cross-petition was dismissed. The plaintiff, Gunnell, then filed an amended petition, making appellants defendants, in which he alleged that he was the owner, and in the actual possession, "of every part of the land, owning, holding, and claiming the same under title deducible of record from the Commonwealth of Kentucky"; that the claims of appellants were a cloud upon his title; and he prayed that he be adjudged to be the owner of the property, and that his title be quieted.

Appellants answered, alleging that they were the children of James Johnson, deceased, and, as such, were

claiming to be the owners of the land, and disputed plain-- tiff's claim of title thereto. They alleged that the bare legal title to the land was then in the heirs of William Rice, deceased, under whom plaintiff claimed; that, be- fore his death, William Rice sold the land, by verbal con- tract, to their father, James Johnson, and put him in its possession; and that, thereafter, their father, during his life, and they, since his death, were in the actual, adverse possession, continuously for more than fifteen years. By reply, plaintiff denied that William Rice had ever sold the land to James Johnson, or that he or his children, the appellants, were then or had ever been in possession of the land.

By agreement of the parties, the affirmative matter in all the pleadings was traversed of record, and the cause was submitted for judgment.

The plaintiff, in support of his claim to title, intro- duced in evidence title bonds to himself from six of the seven heirs of William Rice, under whom appellants claimed title, together with deeds executed and delivered to him by five of the six obligors in the title bonds. The other heir, A. J. Rice, who had executed title bond to plaintiff, had died, leaving two infant children, before the deeds were executed, but the guardian of these in- fants joined in the deed in an attempt to convey their in- terest in the land in conformity with the title bond which their father had executed. The seventh heir of William Rice is the wife of plaintiff, and he claims her interest in the land by reason of their marriage. Plaintiff and two other witnesses introduced by him testified that the land was wild, uninclosed mountain land; that the plain- tiff and the heirs of William Rice had been in possession of the whole of the tract of land since the death of Wil- liam Rice, who was in possession of it until his death, under the admitted paper title of Wm. Rice and the proven title of plaintiff.

Appellants introduced, as witnesses in their behalf, two of their number and two others, who testified that William Rice, prior to his death, executed to James John- son, father of appellants, a title bond for the land that had been lost; that, after the death of William Rice, his widow and some of his children executed and delivered to James Johnson, father of appellants, a deed to this land, which was left with a deputy county clerk in the hope that the other heirs of William Rice would sign it, but that they did not do so and the deed had been lost; that

neither this deed nor the title bond alleged to have been executed by William Rice to James Johnson and claimed to have been lost was ever recorded. Defendants' witnesses further testified that, during the twenty-two or twenty-three years since the death of William Rice, appellants had, upon three separate occasions, gone upon, taken and sold timber from the land; which is all the proof of any acts of ownership or adverse holding of the land by them.

Upon this proof, the chancellor rendered judgment, adjudging plaintiff and his wife to be the owners of the land and quieting their title thereto; and from this judgment this appeal is prosecuted. The judgment also gave plaintiff judgment against the Lowther-Kaufman Oil & Coal Company for the amount claimed against it and ordered the land sold in satisfaction thereof; and from this part of the judgment the coal company has not appealed.

Appellants criticise that part of the judgment ordering a sale of the land, upon the ground that plaintiff failed to show title in himself to the undivided interest of his wife therein and for which he confessed, in his testimony, he had no title; and also that the deed from the guardian of the infant children of A. J. Rice is void. It is true, of course, that plaintiff's marriage to one of the heirs of William Rice did not vest him with the legal title to her interest in the land, and that the conveyance by the guardian of the infant children of A. J. Rice did not convey their interest in the land, and, therefore, plaintiff proved in himself the legal title to but an undivided five-sevenths interest in the land, and an equitable title, under the title bond from A. J. Rice, to an undivided one-seventh interest, the legal title to which was held by his heirs, as was adjudged by the trial court. Neither of these facts, however, affects the judgment against appellants, because they failed utterly to establish by proof their claim to title by adverse possession, which is the only title they set up in their pleadings. Having, by pleading, admitted that the legal title was in those under whom plaintiff claimed, and having claimed title by possession under a parol agreement from the father of these same parties, it is patent that they manifested no title and were not entitled to judgment for the land, unless they proved their claim to title by adverse possession. As they proved no acts of ownership, except an entrance upon three separate occasions, some years

apart, for the purpose of removing timber therefrom, it is equally patent that they failed to establish in themselves such adverse possession as would give them title to the land, or, in fact, any continuous adverse possesion whatever; and, even if the judgment were erroneous as between plaintiff and the Lowther-Kaufman Oil & Coal Company, appellants are in nowise prejudiced thereby.

Neither can appellants complain that the court adjudged the title to the whole of the tract to be in plaintiff and his wife, the latter not a party to the action, and quieted same in so far as appellants' adverse claim is concerned, when, in fact, plaintiff proved in himself the legal title only to an undivided five-sevenths interest in the land, the equitable title to another one-seventh interest, and that his wife held the legal and equitable title in the remaining one-seventh interest, for appellants are not affected thereby, since they failed to prove any right, title or interest in the land and plaintiff's proven title, though not good as against his wife nor complete as against the heirs of A. J. Rice, was sufficient to warrant the judgment quieting his title and possession against the unwarranted claim of appellants.

It is further argued for appellants that, although they admitted in their answer that the bare legal title was in those under whom the plaintiff claimed, since, by agreement of the parties, the affirmative matter "in all the pleadings" was traversed of record, they could rely upon the testimony introduced by them which they insist proves that they were the owners of the equitable title to the whole of the land under the alleged lost title bond from William Rice to their father, and of the legal title of such of the heirs as are proved by their testimony to have signed the deed to their father, also alleged to have been lost. We are not, however, inclined to consent that the agreed order of traverse put in issue allegations made by themselves in their answer and expressly admitted by plaintiff in his reply. But, even if we assume the correctness of this contention, appellants would not be benefited thereby, because neither the alleged lost title bond nor deed was recorded, and there is no proof of any knowledge upon the part of any of the heirs of William Rice or upon the part of the plaintiff of the existence of the title bond or of the deed, except as to such of the heirs as may have signed the deed; nor is it proved that the deed was executed before the execution of the title bonds to plaintiff; nor is it shown which of the heirs

of William Rice executed the deed, or that plaintiff had any knowledge thereof, it being admitted he did not sign it.

Moreover, it would be extremely difficult to convince ourselves, upon the evidence here, that any such title bond or deed was executed and lost, in view of the admission in appellants' answer that the legal title to the land was held by the heirs of William Rice, from whom their father is alleged to have secured possession under a parol agreement to convey. So, even if we might consent that the agreed order to traverse of record the affirmative allegations of all the pleadings put in issue, appellants' express admission of title in those under whom plaintiff claimed, we would not feel warranted in disturbing the finding of the chancellor to the effect that appellants, upon the flimsy proof introduced of a paper title in their father, failed to establish title in themselves; and it is quite clear that they failed to establish any title by adverse possession, in the absence of even color of title.

Wherefore, the judgment is affirmed.