## Lowther-Kaufman Oil & Coal Company v. Gunnell.

(Decided June 6, 1919.)

### Appeal from Floyd Circuit Court.

1. Specific Performance—Nature and Grounds of Remedy.—In seeking specific performance of a contract plaintiff must show performance or ability, readiness or willingness to perform his part of the contract, and he must be able to convey a good and indefeasible title, unless the vendee assumes the risk as to the title.

2. Vendor and Purchaser—Interest—Absence of Agreement to Pay.—In the absence of an express agreement to pay interest if there is a delay in the performance of a contract, due to no fault of the purchaser, he is not liable for interest on the purchase money during such delay, unless he is in possession of the property sold.

3. Vendor and Purchaser—Payment of Interest.—Where vendee has been ready, willing and anxious at all times to take the property at the contract price but delayed payment only because of the inability of appellee to convey the character of title provided for in the contract, he is liable for interest only from such date as vendor shall tender him a deed in conformity to the contract.

JOHN D. SMITH, B. F. COMBS and HARKINS & HARKINS for appellant

A. J. MAY and MAY & MAY for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

March 3, 1905, appellee and his wife entered into an agreement with N. B. Armstrong in which they agreed to convey to the latter 57 acres of land in Floyd county for the sum of $10.00 per acre. This contract was assigned by Armstrong to the appellant.

It is provided in the agreement that the purchase price is to be paid one month after date, but before the consideration could be demanded by the vendor the number of acres in the boundary was to be determined by

actual survey, under the direction of and at the expense
of vendor, who was to furnish an abstract showing title
in him, and thereupon convey or tender to the vendee
a general warranty deed. Vendor further covenanted
that he was seized in fee simple of the land, was in actual
possession thereof, had full right, power and authority
to convey same; and the land was free of all liens and en-
cumbrances.

The purchase price not being paid, appellee filed this
suit June 6, 1907, in which he attempts to state facts suf-
ficient to entitle him to specific performance of the con-
tract.

Appellant filed its answer admitting the contract, and
that it was ready, willing and able to pay the purchase
price as soon as appellee could comply with his part of the
agreement, further alleging that Jasper Johnson and
others were claiming to be the owners of the land and in
possession of same. This answer was made a cross-petition
against the Johnson heirs, but so much of the pleading as
was made a cross-petition against the Johnsons was
stricken from the record because of the failure of the ap-
pellant on motion of the Johnson heirs, to give bond for
costs, it being a non-resident.

Thereafter appellee amended his petition making the
Johnsons defendants, alleging they were asserting title
to the property and claiming to be in possession of the
land, and were casting a cloud upon his title. As
between the parties to this appeal no other pleadings
were filed. A judgment was entered in favor of appellee
against the Johnson heirs, quieting appellee's title to the
land, adjudging costs against the Johnsons, and appel-
lee was given a lien against the land to secure the pur-
chase price, with interest from June 6, 1907, and a sale
of the property was ordered to satisfy such lien. An ap-
peal from this judgment was taken by the Johnson heirs
and the judgment affirmed. 177 Ky. 361.

After the return of the case appellant on June 12,
1918, was granted an appeal by the clerk of this court;
it was not a party to the former appeal.

It is stated in the brief of counsel that appellant is
not seeking a reversal of the judgment in its entirety, but
only from so much thereof as adjudged interest from the
day the suit was filed, appellant's contention being that
the purchase price was not due until appellee surveyed

the land, tendered a deed, furnished an abstract of title and could convey a good and sufficient title.

Without entering into a discussion as to the state of the pleadings, and whether they entitle the appellee to the relief sought, we will direct our attention to the sole question raised by this appeal, i. e., the period for which interest should be calculated. The general rule is that in a suit to obtain specific performance of a contract the plaintiff must show performance or ability, readiness and willingness to perform his part of the contract. He must be able to convey a good and indefeasible title, unless the vendee assume the risk as to the title. 36 Cyc. 693, 694; Jarman v. Davis, 4 T. B. Monroe 115; Bartlett v. Blanton, etc., 4 J. J. Marsh. 426; Tomlin v. McChord, 5 J. J. Marsh. 135.

An examination of the record discloses the fact that at the time the petition was filed appellee was not entitled to the relief sought against appellant. There is nothing here to indicate that the vendee's failure to pay was frivolous or in bad faith; on the contrary, the reasons asserted by the appellant for his failure to pay the purchase price was in effect admitted in appellee's amended petition, and it appears further the Johnson heirs were claiming to be in possession of the land in controversy, and were asserting title thereto by deed, title bond and adverse possession. And even had the petition alleged facts showing a full and complete performance on the part of the vendor we think it would have been error to allow interest on the purchase price from the date the petition was filed. As said in 39 Cyc. 1569:

"As a general rule where a contract of sale is silent as to interest, it is not demandable so long as the purchaser is not in default."

And on the next page it is stated:

"In the absence of an express agreement to pay interest, if there is a delay in the performance of a contract, due to no fault of the purchaser, he is not liable for interest on the purchase money during such delay, unless he is in possession of the property sold."

In the present case the purchaser was not in possession of the property in question, nor does the contract contain any provision as to the payment of interest.

In Hart v. Brand, 1 A. K. Marsh. 159, a suit to compel the specific execution of a contract the court holds

that if the payment of the purchase price is prevented by the act of the vendor he is not entitled to interest on the purchase price until he makes a valid tender.

In Meagher v. Puckett, 19 Rep. 879, in which the calculation of interest was involved the court thus states:

"As the appellee remained in possession of the land for this time and did not complete the contract of sale by making deed nor surrendering possession he cannot claim interest for this time."

In a controversy over the payment of interest the court, in Hatcher v. Fitzpatrick, etc., 31 Rep. 120 says: "If appellee Hatcher had not taken possession of the land under the title bond, the vendors could not require him to pay interest on the purchase money whilst they were in default in their obligation to tender a good deed."

In re Howell's Estate, 224 Penn. St. 415, the vendee refused to accept a deed because the vendor could not make a title clear of incumbrances on account of a public road over and along the property to be conveyed, and the court says:

"When the vendor in articles of agreement for sale of land is to give vendee a deed 'clear of incumbrances,' and the contract provides for immediate possession of the land by the vendee, as part of the benefit for the consideration to be paid, if no interest is stipulated for in the meantime by the vendee, none is payable until after the incumbrance is removed by the vendor and deed tendered."

In Faile, etc. v. Crawford, 30 N. Y. App. Div. 536, the court, in passing upon a similar question, says:

"We, therefore, conclude that the plaintiffs on the trial proved that a good and marketable title to the premises mentioned in the complaint was tendered to the purchaser, and that, under the position he takes in the answer, judgment should be affirmed, but inasmuch as there was an open and debatable question when the suit was brought respecting the title, it is not equitable to charge interest upon the bid to the defendant, and in that respect the judgment should be modified, and as so modified affirmed, without costs."

In Wainwright v. Read, etc., 1st Desaussure (S. C.) 572, the court held that the vendor was not entitled to interest until a certain survey was made, the main ques-

tion involved in this case being the diminution in the quantity of land to be conveyed.

McCarty v. Hebling, 73 Ore. 356, 144 Pac. 499. The vendor in this case being unable to give a good title at the time stipulated in the contract the time for payment was extended and it was held the purchaser was not liable for interest during the period of delay and that he had a good right to refuse to pay said interest.

In the present case appellant has been ready, willing and anxious at all times to take the property at the contract price, but delayed payment only because of the inability of appellee to convey such a title as was provided for in the contract. Appellant is only complaining because interest was allowed from the day the petition was filed. The contention is meritorious and the lower court erred in adjudging interest from that date.

Wherefore the judgment is reversed with instructions to enter a judgment against appellant in the sum of $570.00, the purchase price of the property, with interest from such date subsequent to the decision by this court, on the appeal of the Johnson Heirs v. Appellee, 177 Ky. 361, as appellee shall tender to appellant a deed in conformity with the contract sued on.