## Hitt v. Campbell, et al.

(Decided June 6, 1919.)

## Appeal from Oldham Circuit Court.

1. Death—Presumptions.—Where a resident of this state, 38 years of age, unmarried and insane, escaped from an asylum in the state to which he had been committed, and has not been seen or heard from or of by any of his relatives or former acquaintances at his last known place of residence for more than twelve years, his death must be presumed in this case wherein his death has come in question, under section 1639 of Kentucky Statutes.

2. Death—Presumptions.—While a decedent is presumed to have left heirs, there is no presumption that a man who was unmarried and insane when last heard of, thereafter married and within seven years, after which under our statute he is presumed to be dead, had children who survived him.

3. Insane Persons—Presumptions—Death.—One who had been declared upon an inquisition to be a lunatic and was such when last seen, is presumed to have been insane in the absence of proof to the contrary, until his death within seven years thereafter.

4. Death—Presumptions.—Proof that a man 38 years of age, unmarried and insane, escaped from an asylum more than twelve years before the death of his father, and has not been seen or heard of since by any of his relatives or former acquaintances at his last known place of residence, held to sustain the chancellor's findings of fact that he died childless before his father.

5. Contracts—Death of Coparcener—Contract for Sale of Land.— Where by contract it was agreed by the purchaser that he would pay to the sellers a balance of the purchase price for land which would have belonged to a coparcener of the grantors, if alive, but which otherwise belonged to them, upon their doing certain specified things to establish the death of the coparcener without issue, he must pay the amount to them upon their compliance with the contract.

6. Contracts—Contract for Sale of Coparcener's Land.—Where under such a contract the sum retained by the purchaser was not due until the sellers did certain things and no interest was provided for, the sellers were not entitled to a judgment for the recovery

of the retained sum or interest thereon until they had fully complied with their contract.

JULIAN T. YAGER and WILSON D. CRABB for appellant.

S. E. DeHAVEN, GEO. W. PEAK and J. B. CLARKE for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

On August 10, 1916, appellant and appellees entered into a written contract by which appellees agreed to sell and convey to appellant a farm of about 150 acres in Oldham county at $50.00 per acre, the purchase price to be paid in cash after a survey and when the deed was made to him, provided the title was approved by a named attorney.

After the land had been surveyed and the deed prepared in accordance with the contract, it was discovered by the attorney who examined the title, that there was a possibility that another than the grantors in the deed (Richard Campbell or his issue) owned an interest in the lands, and he declined to approve the title tendered by appellees; whereupon a supplemental agreement was entered into between the parties, which, after reciting in full the original contract and expressing the desire of all parties to complete the sale of the land at the price agreed upon, provided that appellant should retain in his hands of the purchase money $1,905.00, the portion that would belong to Richard Campbell, if living, until a judgment should be procured by appellees in the circuit court of Oldham county and the Court of Appeals. Just what was to be submitted to and adjudged by the courts is the real matter upon which this controversy depends and will be considered later in this opinion. After the supplemental contract had been executed appellant accepted a deed of general warranty from appellees for the whole of the land, and paid them the purchase price, except the $1,905.00 it was agreed he should retain.

The facts about the title are these: William Campbell owned the land, except a small undivided interest owned by his wife, when he died intestate in 1913, survived by his widow and three daughters, who are the appellees in this action, and his only heirs unless a son, Richard Campbell, is still alive, or if dead left issue surviving him. It is shown without contradiction that Richard Campbell, about twelve years before the death

of his father, and when he was about 38 years of age, was adjudged by the county court of Oldham county to be a lunatic and sent to Lakeland Asylum, from which he, in a short time, escaped, and has never been seen or heard of since, unless a Richard Campbell who died in Alabama a short time thereafter was he, of which there is no proof; nor is there any proof that he was ever married or left any descendants. It was upon this proof, which is circumstantial as to all issues involved, that the lower court adjudged that Richard Campbell died before his father, without descendants, and that appellees are the only heirs of William Campbell, and therefore entitled to recover of appellant the $1,905.00 of the purchase price retained by him.

Appellant not only complains that this judgment, in so far as it decides that appellees are the only heirs of William Campbell, is not sustained by the proof, but that even so the proceeding upon which the judgment was procured, is not in accordance with the terms of and does not afford him the protection contemplated by the supplemental contract entered into between appellees and himself, and that appellees are not entitled to recover of him the $1,905.00.

It is clear that under section 1639 of Kentucky Statutes, which provides: "If any person who shall have resided in this state go from and does not return for seven successive years, he shall be presumed to be dead in any case wherein his death shall come in question, unless proof be made that he was alive within that time," the judgment is sustained by the proof insofar as the death of Richard Campbell is concerned, but it is earnestly insisted that it is unwarranted insofar as it adjudges that he died without descendants. While it is true, as stated by counsel for appellant, that there is always a presumption that a decedent left heirs surviving him, this is not, as assumed by counsel, a presumption that he left descendants. Every one is presumed upon death to have left heirs, because the term "heirs" is so comprehensive that it is nearly impossible for any one to die without being survived by either lineal or collateral kindred, who would be his heirs at law; but we know of no presumption that a person who was unmarried when last heard of, married thereafter and within seven years, after which he is presumed to be dead, had children who survived him.

On the other hand, since Richard Campbell was insane when he disappeared, the presumption is warranted, in the absence of proof to the contrary, that he continued to be insane until his death at some time within the succeeding seven years (Carpenter v. Carpenter, 8 Bush 287), and we are of the opinion that, upon the uncontradicted proof that Richard Campbell disappeared twelve years before the death of his father; that he has never been seen or heard of or from by any of his relatives or former acquaintances at his last known place of residence, and at the time of his disappearance was about thirty-eight years of age, unmarried and insane, is circumstantial evidence justifying the conclusion of the lower court that he died without descendants before the death of his father, and that consequently William Campbell's property, including the land in question, descended to his widow and three daughters as his only heirs at law.

It is therefore apparent we must affirm the chancellor's finding of facts, and that his judgment based thereon, that appellees recover of appellant the retained portion of the purchase price, must depend upon whether appellees have fully complied with the terms of the supplemental contract.

The applicable portions of that contract are as follows:

"The said tract of land is to be surveyed and the amount of money to be determined for the entire farm at the rate of fifty ($50.00) dollars per acre, and the first parties are to convey all their interest, right and title to the second party, and upon the conveyance being made to second party with deed of general warranty and free of liens, the second party agrees to pay cash to first parties, about six thousand ($6,000.00) dollars, but since it is not known whether 'Richard Campbell' one of the sons of the said William Campbell, deceased, is dead or alive, nor is it known whether he left a widow or child or children, the right, title and interest of the said son, Richard Campbell, if any is not affected by this sale and the second party retains in his hands the money for his said interest, to-wit, about the sum of $1,905.00, amount to be held. And the parties of the first part do hereby agree to institute in the Oldham circuit court proceedings for the purpose of having the said

'Richard Campbell' declared 'legally dead,' and also for the purpose of declaring by the court, under proper legal proceedings, who the said Richard Campbell's heirs are, and they the first parties, do hereby agree to take an appeal to the Court of Appeals of Kentucky, and to agree to have a final decision rendered by said Court of Appeals, and if the Court of Appeals of Kentucky declare Richard Campbell legally dead, and declare that the first parties are his legal heirs, then the second party agrees to pay, and the first parties agree to sell and convey the entire interest, if any, of the said Richard Campbell, in the said tract of land at the same rate, to-wit, fifty ($50.00) dollars per acre, according to the survey.

"The entire costs of this suit in the Oldham circuit court and in the Court of Appeals, including their attorneys' fees, is to be paid by the first parties, and the first parties agree to file and prosecute the said suit diligently in both of said courts."

It will be noticed it is agreed in this contract that "the right, title and interest of the said son, Richard Campbell, *if any,* is not affected by this sale," and that "the first parties agree to sell and convey the entire interest, *if any,* of the said Richard Campbell, &c." The converse of these two provisions, while not stated, is clearly and necessarily implied, that is: If there existed no outstanding interest in Richard Campbell or his descendants no other sale or conveyance was necessary or required of appellees, and appellant was to pay to them the $1,905.00 retained out of the purchase price. The contract then provides how this question about which the parties were in doubt, should be determined to their satisfaction, viz.: by appellee's instituting a suit in the Oldham circuit court "for the purpose of having the said 'Richard Campbell' declared 'legally dead,' and also for the purpose of declaring by the court, under proper proceedings who the said Richard Campbell's heirs are," and if upon appeal to the Court of Appeals, it should be decided that Richard Campbell is "legally dead" and that appellees are his legal heirs, then appellant "agrees to pay" and appellees "agree to sell and convey the entire interest *if any* of the said Richard Campbell in the said tract of land, &c."

The lower court decided that Richard Campbell died without descendants, before his father's death, and that

appellees were the only-heirs of William Campbell, and this judgment in our opinion must be affirmed, and there is therefore now no necessity for other action upon the part of appellees to establish in them a right to recover of appellant the sum retained by him out of the purchase price.

Appellant has under the deed by which appellees conveyed to him the entire tract he bought of them, their warranty, and in addition, a judicial determination by the courts of original and appellate jurisdiction that appellees owned and have conveyed to him the whole title to the land, and this is all he contracted for or that appellees agreed to do under the supplemental contract as a condition precedent to their right to recover the balance of the purchase money. But since appellant was not to pay the $1,905.00 until a decision was obtained from both the Oldham circuit court and this court, this certain sum was not due until such decisions were obtained and the court erred in allowing interest until after maturity, there being no provision in the contract for interest. See Lowther-Kaufman Oil & Coal Co. v. A. J. Gunnell, 184 Ky. 587, and authorities therein cited. For the same reason the judgment for the recovery of the $1,905.00 was premature since when entered the decision as to whether appellees were the only heirs of William Campbell had not been affirmed by this court, which by contract was a condition precedent to their right to recover the $1,905.00.

It will therefore be necessary to reverse the judgment, but since appellees have now fully complied with their contract, except with reference to paying all the costs of this proceeding both here and in the circuit court, appellant's debt to them is now due, and the court will, upon a return of the case, enter a judgment therefor, but without interest or costs.