## Standard Elkhorn Coal Company, et al. v. Bolen, et al.

(Decided December 2, 1921.)

### Appeal from Floyd Circuit Court.

1. Deeds—Construction.—In construing a deed, the terms of which are ambiguous, it is proper for the court to consider all of the circumstances surrounding the execution and delivery of the deed, including the situation of the parties and any previous agreement which the deed was meant to effectuate.

2. Deeds—Construction—Reserving Timber.—The words "except" and "excepted" as used in the deed or title bond with reference to the timber in controversy are not to be construed in a technical sense but must be considered with the view of ascertaining the intention of the parties and especially that of the grantor.

3. Deeds—Timber—Mines and Minerals.—It is apparent from a consideration of the deed in controversy in connection with its origin and the previous agreement which it was executed to effectuate that the purpose and intent of the grantor was to pass title to the surface estate, including the timber, reserving to himself the right to enter upon the land and take the coal or other minerals therefrom and to use at that time and for that purpose such timber not exceeding twelve inches in diameter as might be necessary.

4. Deeds—Mines and Minerals.—The rights of the grantor as the owner of the minerals in the land, with reference to protecting the character of timber described from waste or injury before mining operations commenced, is not decided here as the question is not presented by this record.

C. F. SEE, JR., M. S. BURNS, A. J. MAY, GEORGE B. MARTIN and MARTIN & SMITH for appellants.

CHAS. I. DAWSON, Attorney General, B. F. COMBS, SMITH & COMBS, WILLIAMS & JAMES and D. B. BOLEYN for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

The descendants of Geo. W. Koons and the Standard Elkhorn Coal Company, their lessee, appellants herein, instituted this action on the 22nd day of April, 1920, to enjoin and restrain the appellees from further trespassing upon the timber on a tract of about 240 acres of land in Floyd county, and from removing any timber then on the land or from cutting, sawing or manufacturing any of the same. They also sought a judgment in the sum of $3,000.00 for damages done to the timber by the appellees.

After completing the issues and taking proof a final hearing of the case was had in the circuit court, resulting in the dismissal of the petition. From that judgment this appeal is prosecuted.

The rights of the parties in this case depend on the construction of a deed of December 16, 1910, from the master commissioner of the Floyd circuit court to W. W. Bolen, in connection with which the circumstances and facts leading up to the execution of the deed are pertinent.

On April 16, 1904, Geo. W. Koons, for the consideration therein stated, executed and delivered to Wilson Hays a title bond for a deed to the property in controversy, and on May 9, 1908, the bond was assigned by Hays to W. W. Bolen and duly recorded in the office of the clerk of the Floyd county court. At that time the tract consisted of rough land, only about 35 acres of which were cleared, but in the interim, before the filing of this action, Bolen cleared about fifteen acres more. In 1907 Geo. W. Koons, who then and always had resided in Pennsylvania, died and in December of the same year the guardian of his infant children instituted an action in the Floyd circuit court for the purpose of selling their interests in the land and applying the proceeds thereof to their maintenance and education. Geo. W. Koons having never executed a deed in fulfillment of the title bond of April 16, 1904, the appellees, Hays and Bolen, intervened in the action, setting up their interests in the property and asking that the master commissioner be directed to execute and deliver to W. W. Bolen a deed for the interest in the property as shown by the title bond filed in the case. The commissioner's deed of December 16, 1910, was made pursuant to a judgment of the court in that proceeding, though the interest of the infant heirs in the property was not sold.

Bolen continued to reside on the property and in the latter part of 1919 or the spring of 1920 sold and conveyed to the appellee, Garrett Lumber Company, all of the standing timber on the land in excess of twelve inches in diameter.    On March 25, 1920, the Standard Elkhorn Coal Company leased from the heirs of Geo. W. Koons the minerals and mineral privileges retained by them in the land and in April the lessee company proceeded with its plans to develop mines on the property, and joining with its lessors filed this action seeking the relief above stated.

On this appeal it is contended for appellants that Bolen acquired no title whatever to any of the timber in dispute and consequently could not convey title to his co-defendants, and, accordingly, their act in cutting and removing the timber was a trespass against which an injunction should have been granted.  It is also contended that the rights of the parties were fully determined and adjudicated in the Floyd circuit court, in the case of Peoples Bank, etc. v. W. B. Koon, etc., wherein all parties to this appeal were parties of record, and where it was adjudged, as conclusively evidenced by the deed of the master commissioner, that Bolen had no title to any of the property other than the bare surface and could not make use of that except for agricultural purposes; and further that under the exception contained in the title bond from Koons to Hays, and similarly expressed in the commissioner's deed, the title to the timber growing on the land was expressly retained in Koons and his heirs.

The latter contentions, however, are subsidiary to and included in the first, viz.: that Bolen acquired no title whatever to any of the timber in dispute and could, therefore, convey none to his co-defendants.

In urging the main contention, just stated, it is argued that the rights of the parties must be determined by the commissioner's deed alone, and that extraneous circumstances or facts connected with its execution and delivery are not admissible in explanation of its terms and conditions.  With that contention we cannot agree. The general rule is that where the language of a deed is ambiguous the court may consider its origin and the source of its derivation with all the surrounding circumstances attendant thereon, including the situation of the parties and any previous agreement which the deed was meant to effectuate.  (C. J. Vol. 18, pages 260-261.)

The deed by which Bolen acquired legal title conveyed the "surface estate only" and excepted or reserved the mineral privileges, for greater certainty with regard to which the record of the proceedings in the case were referred to. In determining the meaning of the term "surface estate only," as used in the deed, the exceptions and reservations therein must be considered, among which is "such of the standing timber as may be necessary for mining and utilizing the products of mining, etc." This clause indicates that it was not the purpose of the grantor to except from the conveyance or to reserve all the timber on the land. And this view is strengthened by reference in the commissioner's deed to the title bond which, in addition to an inclusion of the reservation or exception stated, provided that "the timber mentioned is hereby deeded, except that which is mentioned for mining purposes, and all purposes herein mentioned, etc.," and further "the walnut timber standing or lying on said land is excepted and reserved." It was stipulated in the title bond that the deed to the tract of land should be made with "the mineral privileges excepted in the same manner as the Northern Coal and Coke Company has deeds made to it for the oil and gas and mineral, with all the easements and privileges in the same manner as does the aforesaid Northern Coal and Coke Company, etc." The preponderance of evidence on this subject which was properly admitted, shows that the deeds of the Northern Coal and Coke Company usually reserve the right to use the timber, under twelve inches in diameter, for mining purposes when needed in the operation of the mines.

The term "surface estate only," when considered in the light of the provisions quoted and the evidence pertaining thereto, indicates an intention and a purpose of conveying the title to the surface, including the timber, subject to the right in the Koons heirs, of entry upon the land to mine the coal or other minerals, title to which remained in them, and to use at that time such timber, not exceeding twelve inches in diameter, as might be needed to conduct their mining operations.

But it is said that the title bond and the deed excepted the timber and none of it ever passed to Hays or Bolen, or if any of it did pass, it now appearing that all the timber can be utilized or is necessary for the mining opera-

tions contemplated, the right of appellants to the timber is exclusive.

We are not impressed with the contention that the words "except" and "excepted," as used in the deed or title bond, are, insofar as the timber is concerned, to be construed in a technical sense. While reservations and exceptions in deeds are distinguishable they are often used interchangeably, the object always being to ascertain the intention of the parties and especially that of the grantor. (Brown, etc. v. Anderson, 88 Ky. 577; Hicks v. Phillips, 146 Ky. 305; Damron, et al. v. Justice, 162 Ky. 101; C. J. Vol. 18, pages 252, 340.)

A consideration of the deed, in connection with its origin and the previous agreement which it was executed to effectuate, leads to the conclusion that its purpose and intent was to grant to Bolen the title to all of the surface, including the timber, reserving to the Koons heirs the right to enter upon the land and take the coal or other minerals and to use at that time and for that purpose such timber, not exceeding twelve inches in diameter, as might be necessary. Any other construction of the exception would be repugnant to the spirit and purpose of the conveyance.

Nor can the rights of appellants to the use of the timber be extended beyond the period during which mining operations are actually conducted. The intention was to reserve to them the right or privilege of utilizing timber on the land, not exceeding twelve inches in diameter, at the time it was needed for operating and conducting mines and not before. The title to the timber passed to the grantee with a reservation in the Koons heirs of the privilege, when the occasion for exercising it arose, of using a certain kind of timber for mining operations. Accordingly, the right to use the timber exists only as the needs for it arise, at which time it attaches to such timber, of the character indicated, as then may be available on the land.

The rights of appellants as owners of the minerals, with reference to protecting the character of timber described from waste or injury before the beginning of mining operations, is not decided here as the question is not presented in this record.

On the record as made up we find no error in the judgment of the court below. It is, therefore, affirmed.