## Barrowman v. Charles.

(Decided May 27, 1930.)

CHILDERS & BOWLES for appellant.

E. J. PICKLESIMER for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Affirming in part and reversing in part.

In December, 1921, the appellant, David Barrowman, contracted to sell and convey to J. C. Charles, appellee, a house and lot in Elkhorn City. At the time there was litigation pending which involved the title to the property, and a title bond was executed by which Barrowman bound himself to convey by general warranty deed a fee-simple, merchantable title for the consideration of $7,500, of which $1,000 was then paid in cash and notes for $3,500, bearing interest, maturing in four months, "and the remainder Three Thousand ($3,-000.00) to be paid in cash by notes bearing interest or whatever is agreed upon when general warranty deed is delivered."

The litigation was not settled until March, 1927, and at that time Barrowman claimed interest on the deferred payment of $3,000. Charles maintained that no interest was payable. He paid $1,939.78 for account of Barrowman to a third person who had established an interest in the property, and expressed his willingness to pay the balance of $1,060.22. This was refused, and Barrowman brought suit for $2,047. 63, being $3,000 and interest accrued since December 27, 1921, less the $1,939.78 paid. After the institution of the suit Charles paid into court $1,060.22 and the interest which had accrued on that sum from March 14, 1927. It was adjudged that no interest was payable on the deferred purchase money until March 14, 1927; and the petition was dismissed, with the further order, however, that each party should pay his costs. An appeal is prosecuted by Barrowman from so much of the judgment as denied him interest from the date of the

title bond and the payment of cost, and a cross-appeal has been granted Charles from so much of the judgment as is adverse to his contentions.

Parol evidence was introduced as to the conditions and circumstances surrounding the sale and purchase of the property and to explain the ambiguity of the contract with respect to the matter of interest on the deferred payment. This evidence tends to show that it was mutually understood no interest was to be paid until a general warranty deed was delivered. The appellant argues that this evidence was incompetent, but no exceptions were filled to the depositions as is provided by section 586 of the Code of Civil Practice, and that contention might be passed unnoticed. It may be observed, however, that parol evidence relating to the situation of the parties and the circumstances surrounding the execution of a paper is admissible to explain ambiguous provisions therein. Standard Elkhorn Coal Company v. Bolen, 193 Ky. 342, 236 S. W. 241. We think the provision under consideration could well have been interpreted in the same way without the aid of this evidence, in which event the hearing of the evidence was harmless.

The trial court properly construed the provision in the contract as to the payment of the $3,000 deferred purchase money to mean that the payment and the manner of payment was to be suspended until such time as the vendor could convey a merchantable, fee-simple title to the property; and that at that time it would be agreed either to pay it all in cash or by interest-bearing notes to be then executed. When that time arrived the purchaser was willing to pay it all in cash. The only question, therefore, was and is whether interest was payable on the $3,000 from the date of the title bond.

The general rule is that, where a contract of sale is silent as to interest, it may not be demanded so long as the purchaser is not in default or the delay in the execution of the contract is due to the inability of the vendor to comply with its terms, unless the purchaser shall have been put in possession of the property sold. Lowther-Kaufman Oil & Coal Company v. Gunnell, 184 Ky. 587, 212 S. W. 593. In this case the purchaser was placed in possession of the property in March, 1922, and it is argued that he should therefore pay interest in lieu of rent. The point would have merit except that by the terms of the contract it was agreed that the balance of $3,000 was not to be paid until the title was cleared and

a good deed tendered. The authorities cited in the Lowther-Kaufman case show that in such circumstances interest is not payable, even though possession be given. Appellee was not chargeable with interest until he received what he contracted for. Hitt v. Campbell, 185 Ky. 80, 214 S. W. 785.

On the cross-appeal it is contended that the judgment is erroneous in requiring the payment of interest on the $1,060.22 from March 14, 1927, the date on which it appears the vendor was in position to convey a good title. It does not appear that on that date a legal tender was made by the appellee. This seems to have been recognized when an offer was made to confess judgment, and that sum of money with accrued interest from March 14, 1927, was paid into court after the institution of this suit. This point must therefore be disallowed. But the point is well taken that the judgment erroneously requires the appellee to pay his costs. It is provided by section 640, Civil Code of Practice, that a defendant may offer to confess judgment for part of the amount claimed of him in a pending suit, as was here done, and, if the offer be refused as in full satisfaction of his demands, and the plaintiff does not recover more than was so offered to be confessed, the plaintiff shall pay all the costs of the defendant incurred after the offer.

The judgment is affirmed on the original and reversed on the cross appeal to the extent indicated.