## Kuntz v. Peters et ux.

April 25, 1941.

228

Benton & Benton for appellant.

Stephens L. Blakely for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This equity action—filed in the Kenton circuit court by appellant and plaintiff below, William C. Kuntz alone, against appellees and defendants below, James C. Peters and wife—seeks to enforce specific performance by defendants of a written contract for the exchange of real estate owned by the respective parties and located in the city of Covington, Kentucky. The contract sought to be enforced was and is in the form of a letter addressed by defendants to plaintiff on March 27, 1939, in which the terms of the proposed exchange are set forth. It was accepted by one John De Molet, a duly authorized agent for plaintiff, but his acceptance is only for plaintiff, William C. Kuntz (by whom only is this action filed), when the facts are that the property which he agreed to exchange for that he was to obtain from defendants was jointly owned by himself and wife. So that, one of the joint owners of that property is not a party to this litigation, nor did she obligate herself in any way to comply with the proposed exchange of properties.

The proposition for the exchange addressed to plaintiff by defendants (and which was the only contract in the case) after it was accepted in the manner stated —omitting caption and signatures of defendants—is in this language: "We hereby offer to purchase from you the real estate located at No. 3144 Rosina Avenue, Latonia, Covington, Kentucky, and known as Lot No. 83 of Lakeview Park Re-Subdivision, fronting 33 1/3 feet on the East side of Rosina Avenue, and offer in payment therefor our real estate located at No. 3320 Grace Avenue, Latonia, Covington, Kentucky, and the sum of

$2,400.00. Included in the sale of our ⌐ouse at No. 3320 Grace Avenue is the heating stove and the linoleum on the kitchen floor and included in the sale of the property at No. 3144 Rosina Avenue, is the linoleum on the kitchen floor and all of the coal in the basement. Each parcel of real estate is to be conveyed to the purchaser by General Warranty Deed free of all incumbrances except taxes for the year 1939, which the purchasers in each case are to assume. We are to assume the payment of a mortgage for the sum of $3,500.00 on the property at No. 3144 Rosina Avenue in favor of the Second Federal Savings and Loan Association and upon which there is an unpaid balance of $3,461.40, and you are to assume the payment of a mortgage on our property at No. 3320 Grace Avenue of approximately $807.00 in favor of Home Loan Association. You are to pay to us the difference in cash at the time the deeds are delivered and the transaction is closed, and which is to be within one week from this date. We are to take possession at No. 3144 Rosina Avenue as soon as the transaction is closed.''

Below the signature of defendants plaintiff's agent wrote and signed the acceptance referred to and by mutual consent of both parties there was added thereto this stipulation: ''This contract is to be null and void unless we are able to guarantee the Building Association payment to Mr. Peters not to exceed $28.00 per month.'' Defendants resisted the relief sought by plaintiffs on three grounds—(1) that neither William C. Kuntz, his wife, nor the two jointly at any time before the filing of the action and following the execution of the contract, was able to or did procure the Building and Loan Association, which then owned and was carrying the incumbrance on plaintiff's property, to continue to carry it at $28.00 per month; (2) that the contract provided that it should be performed within one week from its date which was not done, and (3) that one of the joint owners of the property proposed to be conveyed to defendants (Mrs. Kuntz) neither signed the contract nor joined with her husband in this action. Such defenses were each contested by plaintiff by appropriate pleadings and other steps to that end, and after issues formed proof was taken by the respective parties and the cause submitted to the court for determination. It thereafter rendered judgment dismissing plaintiff's petition, and

complaining thereof he prosecuted this appeal. From what has been said it is clear that if either of the interposed defenses is available to defeat the action the judgment should be affirmed; but if neither of them is sufficient for that purpose, then the judgment should be reversed.

Taking them up in the order named it will be seen that the disposition of ground (1) is to be determined by the intention of the parties as manifested by the contract relied on as a basis for the relief, as it was aided by the testimony adduced. It is the contention of defendants that the express terms of the contract prescribe for continuous future carrying of the incumbrance on the property to be obtained from plaintiff by the same creditor then carrying it without the transferring of the debt to another holder thereof so as to make the latter a creditor of defendants, but at a rate not exceeding $28.00 per month, and which arrangement plaintiff agreed to make or guarantee, but neither of which did he do, or was able to do.

It will be noticed that the stipulation for the amount to be paid per month by defendants for the carrying of the then incumbrance upon the property they were obtaining from plaintiff referred to the carrying creditor as "The Building Association," which, of course, was a definite one and clearly referred to the one that was then carrying that incumbrance. Defendants were acquainted with the officers of that Association and in whom, as was testified, they had confidence, whereby they might receive favors if they got into any sort of a pinch in being unable to meet the monthly payments; whilst they would be unwilling to risk the stranger owners and managers of other money lending institutions in furnishing such possibly needed favors. In other words, defendants were willing to stipulate to become indebted to the present institution holding that incumbrance, but were not willing to become indebted to a different institution. Plaintiff and his agent—with, perhaps, Mr. Peters and wife—visited the office of the Second Federal Savings and Loan Association of Covington, Kentucky, which was then carrying the incumbrance, but neither of them was able to procure its consent to continue to carry the incumbrance at the proposed monthly payment. That application was made within two or three days after the date of the contract

and upon failure to accomplish the purpose sought defendants agreed to try to obtain a loan from another Building and Loan Association located in Covington, Kentucky, with whose officers they were also acquainted, to carry the debt upon the same terms, but were likewise unsuccessful. Perhaps a third unsuccessful effort to a like association located in the same city was made, and more than a week was consumed in such abortive efforts to obtain a local building and loan association who would consent to carry the indebtedness as per terms of defendants' agreement. After such failures defendants claim that they notified plaintiff's agent, and possibly plaintiff himself, as well as his attorney, that they (defendants) no longer considered themselves bound by the contract because of the inability of plaintiff to comply with the addenda to and forming a part of it.

Nevertheless some six weeks thereafter plaintiff procured the consent of a Building and Loan Association located in Newport, Kentucky, to advance the necessary amount to take up the incumbrance and to carry it upon payments of $28.00 per month. That arrangement was made without either the knowledge or consent of defendants and thereafter plaintiff appeared at defendants' home with a duly executed and acknowledged deed to the property they proposed to exchange, as well as other papers and documents to complete the proposition of the Newport Building and Loan Association, and demanded that defendants accept the tendered deed and execute the mortgage to the Newport Association. At the same time they demanded that defendants execute to them a deed to the real estate which they proposed to convey to plaintiff and his wife. Defendants declined each and all of such requests upon the three grounds which they later interposed as a defense to this action, and which was followed by the filing of the action as hereinbefore pointed out.

It is scarcely necessary to say that the remedy of specific performance is one of the many extraordinary ones created by equity to meet the deficiencies in remedies provided by strictly legal procedure and it is not available where the complaining party had an adequate remedy at law. Furthermore, the relief sought is one resting largely in the discretion of the court (but not an arbitrary one), and is cautiously administered. But in any event the burden of proof is on the plaintiff seeking

specific performance to prove his right thereto, which is thus stated in the text in 25 R. C. L. p. 335, Section 157: "In suits for specific performance the general burden of proof, as in other cases, rests on the plaintiff. Not only must he prove the existence of the contract and its terms, but he must show a full and complete performance on his part of an offer of such performance." On the next page (336) and in Section 158, the text says: "It is a universal rule that one who asks for specific performance must be in a condition to perform himself, and a decree for a specific performance will not ordinarily be made in favor of a party who has himself been in default, or who has wilfully violated his part of the contract, whereby the defendant has been deprived of a substantial benefit under it. Hence it is that a party seeking to enforce specific performance usually has the burden of proving that he has complied with its terms, or that he is ready, able, and willing to perform his obligations under the contract, in their entirety, and to do whatever has been made a condition precedent on his part."

In note 2 of that text—which says that specific performance will not be granted to one "who has himself been in default"—there are cited a number of cases, including the early domestic ones of Bowman v. Irons, 2 Bibb 78, 4 Am. Dec. 686; Johnston's Heirs v. Mitchell, 1 A. K. Mar. 225, 10 Am. Dec. 727, and Breckenridge's Heirs v. Clinkinbeard, 2 Litt. 127, 13 Am. Dec. 261. Likewise in note 3 to the text there is cited the early case of Grundy v. Edwards, 7 J. J. M. 368, 23 Am. Dec. 409. However, the proposition now under consideration is a fundamental principle in the law of contracts to the effect that before one may obtain the benefits it confers upon him he himself must perform the obligations which it imposes on him. The contract here involved, as we have seen, according to our interpretation of it (and which is substantiated by the proof heard in the cause), contained the condition that defendants agreed only to carry out its stipulations upon condition that the Building and Loan Association which was then carrying the incumbrance on the land they were to receive should continue to do so, but at the rate of $28 per month to be paid by them, and which plaintiff guaranteed should be done. He was unable to carry out that guarantee and was, therefore, in no condition to demand specific perform-

ance as against defendants. Fortifying the proposition set forth in the cited text is the case of Darnell v. Alexander, 178 Ky. 404, 199 S. W. 17. There are many cases of like tenor both before and following the rendition of that opinion, as is pointed out in Volume 6 of Caldwell's Judicial Dictionary, beginning on page 2579, one of which later cases is Lowther-Kaufman Oil Company v. Gunnell, 184 Ky. 587, 212 S. W. 593.

We deem it unnecessary to incumber this opinion with the citation of other cases or texts, since the principles involved are firmly settled in the law in accordance with the citations herein made, and which is sufficient to support the judgment as based alone on defense (1). We, therefore, conclude that the judgment appealed from is sustainable on this ground alone without considering the other two, and for which reason neither of them will be considered or determined.

Wherefore, for the reasons stated, the judgment is affirmed.