# Bolen et al. v. Koons et al.

February 23, 1951.

Jean Auxier, Special Judge.

D. G. Boleyn for appellants.

Edward L. Allen for appellees.

CHIEF JUSTICE CAMMACK—Affirming.

The appellants are the owners of the surface of a tract of land in Floyd County. Their title stems from a title bond executed in 1904 wherein the mineral rights in the property were reserved to the grantor. The title bond provided that the mineral privileges were excepted in the same manner as the Northern Coal & Coke Company had deeds made to it for the oil, gas and mineral, with all the easements and privileges. There was the further provision that the owner of the surface was to have the right to use all the coal that he might need for his own domestic use. The Northern Coal & Coke Company deeds provided that it had the right to remove all pillars and other lateral and subjacent supports without leaving pillars to support the roof or surface. Subsequently, the Standard Elkhorn Coal Company leased some of the coal rights underlying the appellants' property and mined coal therefrom for several years. A dispute arose between the Company and the surface owners about timber rights. In the case of Standard Elkhorn Coal Company v. Bolen, 193 Ky. 342, 236 S.W. 241, 242, the rights of the parties under the title bond and subsequent deed were discussed. During the course of the opinion it was said: "A consideration of the deed in connection with its origin and the previous agreement which it was executed to effectuate leads to

the conclusion that its purpose and intent was to grant
to Bolen the title to all of the surface, including the tim-
ber, reserving to the Koons heirs the right to enter upon
the land and take the coal or other minerals, and to use
at that time and for that purpose such timber, not ex-
ceeding 12 inches in diameter, as might be necessary.
Any other construction of the exception would be re-
pugnant to the spirit and purpose of the conveyance."

After the Standard Elkhorn Coal Company ceased
operations the appellants began mining some coal. Dis-
putes also arose when the lessees of the appellees start-
ed removing the pillars and supports from the old mines.
The action was instituted by the appellees to enjoin the
appellants from interfering with the mining operations
of the lessees and their employees. The appeal is from
a judgment upholding the contentions of the appellees.

The appellants have filed no brief, but we are con-
vinced from our examination of the record that the judg-
ment is proper. Therefore, it is affirmed.