### Bowling, et al. v. Turner, et al.

(Decided November 2, 1920.)

### Appeal from Breathitt Circuit Court.

1. Evidence—Deeds—Certified Copies.—Under Kentucky Statutes, section 519, a certified copy of a properly acknowledged and recorded deed is admissible in evidence.

2. Deeds—Delivery.—Evidence examined and held sufficient to show the delivery of certain deeds.

3 Evidence—Fraud—Undue Influence.—Evidence examined and held to show that certain deeds executed by a father to his children were not obtained by fraud or undue influence.

SAM C. HARDIN for appellants.

E. C. HYDEN and CHESTER GOURLEY for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Wesley Turner, Sr., who died in the year 1916, had nine children. Prior to his death four of them, to-wit, Samuel Turner, Wesley Turner, Jr., Granville Turner and Esther Back, died, leaving children. He was survived by five of his children, to-wit, Julia Bowling, Polly Turner, Daniel Turner, Ellis Turner and Martha Se-

bastian. Wesley Turner, Sr., was the owner of several tracts of land lying on the Middle fork of the Kentucky river in Breathitt county. On January 9, 1907, he executed a deed conveying to his son, Dan Turner, two tracts of land as his share of the estate, and for the further consideration that the grantee should pay to Julia Bowling the sum of $448.00 to make up her full share of the estate. On the same day he executed to Granville Turner a deed conveying a certain tract of land as his full share of the grantor's estate. On the same day he also executed a deed to Martha Sebastian conveying to her a certain tract as her full share of his estate, and for the further consideration that she pay to Polly Turner $600.00 as the latter's full share of the grantor's estate. On the same day he executed a deed to Ellis Turner, conveying to her another tract of land as her full share of his estate, and for the further consideration that she pay to Charlie Turner $250.00 as his share of the grantor's estate. On January 11, 1912, he executed a deed conveying to Walter Turner and the other heirs of Wesley Turner, Jr., deceased, another tract of land as their full share of his estate, and for the further consideration that they pay to Ples Turner the sum of $250.00 as his full share of the grantor's estate. It further appears that he advanced to his daughter, Esther Back, the sum of $648.00, which was invested in a farm. The children, to whom these conveyances were made, were placed in possession of their respective tracts, and were in possession of the same at the time of Wesley Turner's death. It further appears that, on the eleventh day of January, 1907, Wesley Turner, Sr., made a will which ratified and confirmed the division theretofore made.

This suit was brought by Julia Bowling and her husband, Polly Turner, Ples Turner and Charlie Turner, children of Samuel Turner, deceased, for a settlement of the estate of Wesley Turner, Sr., deceased, and for a sale of six tracts of land described in the petition, and a division of the proceeds. The defendants, who were the other children and grandchildren of the decedent, defended on the ground that Wesley Turner, Sr., was not the owner of any of the property described in the petition at the time of his death, but that the defendants were the owners of their respective tracts by virtue of the deeds and will above referred to. Plaintiffs replied that the deed and will were obtained by fraud. On final hearing, the petition was dismissed and plaintiffs appeal.

It is first insisted that the defendants introduced in evidence only attested copies of the deeds, and that, under section 1627, Kentucky Statutes, they were not admissible in evidence, except upon proof of the execution of the originals. As a matter of fact, however, the defendants filed certified copies of their respective deeds, and these copies included the annexed certificates of the county clerk showing that each deed was properly acknowledged by the grantor, and was therefore legally recorded. That being true, the case is controlled not by section 1627, Kentucky Statutes, but by section 519, which provides, "certified copies of all instruments legally recorded shall be *prima facie* evidence in all courts and tribunals of this state." It follows that the certified copies were therefore admissible, without proof of the execution of the originals. Brown v. White, 153 Ky. 452, 156 S. W. 96; Hunt v. Owings, &c., 4 T. B. Mon. 20.

Another contention is that the delivery of the deeds was denied and there was no proof of their delivery. The evidence of Dan Turner, to which no exception was saved and which is uncontradicted, shows that two of the deeds were delivered to the grantees by the grantor, and that the other three deeds, including the one to Dan Turner, were delivered to him with directions to deliver them to the grantees.

The record is singularly free from even a suspicion of fraud or undue influence on the part of the defendants. While it is true that Wesley Turner, Sr., was about seventy-seven years of age when he made the conveyances, it appears from the testimony of impartial witnesses that he was far above the average in strength of character and clearness of mind, and instead of being easily influenced by his children, was the dominant figure in the family. It is not shown that any of the defendants importuned him or even asked him to make the conveyances. On the contrary, all the circumstances indicate that in making the division of his property he carried out his own purpose and not that of others.

The point is also made that the will was not admissible in evidence because, contrary to the statute, it was probated at a special term of the county court. A decision of this question is not required since we have not found it necessary to consider the will in reaching the conclusion that the deeds should be upheld.

Judgment affirmed.