### Graham v. Rice, et al.

(Decided June 6, 1924.)

## Appeal from Fulton Circuit Court.

1.   Injunction—Action to Require Execution of Renewal Lease Before Expiration of Original Lease Held Not Premature.—An action, after proper notice of election to renew lease, for mandatory injunction to require execution filed before expiration of original lease, was not premature.

2.   Landlord and Tenant—Lessor's Death did Not Destroy Lessee's Right of Renewal.—Death of lessor before expiration of original lease did not destroy lessee's contract right of renewal, which runs with land.

3.   Pleading—Admission in Answer Held to Render Denial therein Wholly Ineffective.—In action to compel execution of renewal lease, a denial in answer that defendant purchased property with knowledge of lease was rendered wholly ineffective by an express admission therein that lease was read by master commissioner at sale at which defendant became purchaser.

HERSCHEL T. SMITH for appellant.

CARR & CARR and HOLIFIELD, GARDNER & McDONALD for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

C. E. Webb, the then owner, leased the property here involved to appellee Rice for a term of three years, ending February 4, 1922, "with the privilege to the said lessee to renew this lease upon the same terms at its expir-

ation for a further period of five years, commencing immediately upon the expiration of this lease, provided, however, that notice of the exercise of this privilege or option to renew the lease shall be given by said lessee to said lessor at least sixty days before the expiration of the term of this lease.''

Shortly after the execution of the lease Webb died, and in the settlement of his estate this property was sold and conveyed by the master commissioner to the appellant Graham. On November 23, 1921, which was more than sixty days before the expiration of the original lease period, the lessee gave to Graham the required notice, and at the same time tendered to him a renewal lease, prepared in duplicate, in all respects similar to the original one except that it contained no option for renewal, and requested appellant to execute same. This he refused to do, and on January 5, 1922, appellee instituted this action in which he sought and secured a mandatory injunction requiring appellant to execute the renewal lease.

The first contention for appellant is, that the action, having been filed before the expiration of the original lease period, was prematurely begun.

To this we cannot agree. The lease provided that the lessee should give notice sixty days before the expiration of the original period if he desired to renew the lease, and having done so, he was in a position to demand that appellant renew the lease. So when appellant refused to do so, appellee's cause of action accrued at once to enforce his contract right to obtain a legal title to the renewal leasehold interest, so that, as the contract provided, the same might immediately succeed the expiration of the then existing lease. Karn v. Di Lorenzo (Conn.), 111 Atl. 195, and cases cited in notes on pages 466-7 of vol. 123 A. S. R.

The next and chief contention of counsel for appellant is, that although the death of the lessor before the expiration of the original lease period did not affect the validity of the lease for that period, it did destroy the lessee's contract right of renewal, and this, too, although it is admitted that the covenant of renewal, as well as the covenant of lease, runs with the land and is not personal.

We are at a loss to know just how more effectually to dispose of the contention than is accomplished by the above admission. When it has been conceded, as upon all authorities it must be, that the covenant of renewal is

not personal but runs with the land, the result is unavoidable that neither the death of the covenantor nor of the covenantee can affect or destroy the covenant. Every authority referred to in the brief for appellant, as well as in the brief for appellees, is to this effect, and utterly destructive of appellant's contention.

The only other contention is, that the court erred in sustaining a demurrer to appellant's answer wherein he denied that he purchased the property with knowledge of the lease.

It is true that the answer contains such a statement, but it also contains an express admission that the lease was read by the master commissioner at the sale at which appellant became the purchaser. Obviously the admission rendered the denial wholly ineffective for any purpose.

Finding no reason for disturbing the judgment, it is affirmed.