### Rush, et al. v. Eidson, et al.

(Decided May 4, 1926.)

#### Appeal from Logan Circuit Court.

1. Descent and Distribution—Interveners, Claiming as Heirs, Must Plead or Prove Degree of Relationship to Alleged Intestate and that no Others were Entitled to Take Before Them.—Failure to dismiss intervening petition in action to recover on purchase-money land notes held error, where interveners claimed right to part of land as heirs through others as such, but did not plead or prove particular degree of relationship to alleged intestate and that no others were entitled to take before them.

2. Descent and Distribution.—Pleading alleging presumptive death under Ky. Stats., sec. 1639, must allege that such person departed from state and has not returned.

3. Vendor and Purchaser—Purchaser in Possession Cannot Defend Against Collection of Purchase-Money Notes by Showing Potential Deficiency in Title or Acreage Without Alleging and Proving Nonresidence or Insolvency of Plaintiffs.—Purchaser in peaceable possession of whole premises cannot successfully defend against collection of purchase-money notes by showing potential deficiency in title or acreage without alleging and proving nonresidence or insolvency of plaintiffs.

O'REAR, FOWLER & WALLACE, J. WOODFORD HOWARD and I. G. MASON for appellants.

COLEMAN TAYLOR and O. M. SMITH for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellants, Mrs. Rush and husband, commenced this action in the Logan circuit court to recover of appellee,

Barney Eidson, on two purchase money land notes, totalling $1,250.00, subject to a credit of $400.00, and to enforce a lien against the lands for which the notes were given. A copy of the deed from Mrs. Rush and husband to Eidson was filed with the petition and shows that the full consideration for the land was $3,500.00, of which sum $1,000.00 was paid cash in hand, the balance being evidenced by four separate notes of $625.00 each, due and payable on April 1, 1922, April 1, 1923, April 1, 1924, and the last one on or before April 1, 1925, respectively.

Appellee, Eidson, answered in three paragraphs, the first of which was a traverse of certain averments of the petition concerning the acreage and the right of appellants to recover. The second paragraph pleaded false and fraudulent representations on the part of appellants as to the state of the title in appellants, and averred that appellants did not have a good and perfect title to 12 6/10 acres of the tract of 36 acres conveyed; that the notes and the $1,000.00 cash paid were obtained by false and fraudulent representations of appellants, on account of which appellee was entitled to recover, as he averred, the $1,000.00 paid and have a cancellation of the four notes and a rescission of the contract.

The third paragraph averred that the land was purchased by appellee on April 16, 1920, at the price of $95.63 per acre, for thirty-six and six-tenths acres; that the purchase was by the acre, and appellants undertook to convey to him thirty-six and six-tenths acres when they were the owners of only 24 acres, and the balance, 12 6/10 acres belonged to other persons, and not to appellants. Appellee prayed to recover $1,104.93 for a deficiency in acreage if he could not have rescission of the contract.

By reply the fraud and misrepresentations averred in the answer were traversed, and the averments of the answer to the effect that appellants did not own all of the thirty-six and six-tenths acres conveyed was controverted; denied the right of recovery for deficiency of acreage by appellee. It was further averred in the reply that Mary Beatty became the owner of certain lots or parcels of the old Elish Redfern land of which the thirty-six and six-tenths acres was a part and that she conveyed the same to predecessors in title of appellants in 1884, or thereabouts, and that during all of the time since the thirty-six and six-tenths acres were enclosed by fence and held and claimed by Mrs. Beatty and all persons holding

under her since 1884 as a single tract, and that the boundary so purchased by appellants was by them conveyed to appellee, Eidson; that they and their predecessors in title and Eidson had been in the actual, open, notorious, continuous adverse possession of the lands in the boundary conveyed for more than fifteen years next before the institution of the action and for more than thirty years before the institution of the action, and they pleaded and relied upon the statutes of limitation in such cases made and provided. Rejoinder by appellee, Eidson, made up the issues upon that branch of the case. About that time Leslie Beatty and William Henry Beatty and their wives filed intervening petition asking to be made party defendants and that their petition be taken as answer to plaintiff's petition, and averred in substance that they were the owners by inheritance of all of the 12 6/10 acres of land in controversy. With respect to their heirship it is averred that Leslie and William Henry Beatty "are the sons of Mary Beatty and that Mary Beatty is the daughter of Reese Redfern, and that their mother was the granddaughter of Redfern, and that in the distribution of Elish Redfern's estate lot No. 2 was assigned to Jeremiah Redfern." Further pleading it is averred "plaintiffs allege and say that lot No. 2 was allotted to Jeremiah Redfern and that now Leslie Beatty and William Henry Beatty are the only living heirs of Jeremiah Redfern and that they are entitled to inherit lot No. 2, consisting of 12 6/10 acres, and that they are now owners thereof by virtue of inheritance; that they have not known the whereabouts of Jeremiah Redfern for many years, for more than seven years, and the presumption is that he is dead; that by virtue of their kinship they are entitled to inherit said 12 6/10 acres, but they say they never have parted with the title thereto, and they now claim the same by right of inheritance."

Further on in the same pleading the Beattys averred "that in so far as they know they are the only living direct descendants of Jeremiah Redfern; as heretofore stated they have not heard from Jeremiah Redfern for more than seven years, and the legal presumption is that he is now dead, and that said title of lot No. 2 has always been claimed by him, and the records in the clerk's office show the same to be vested in him, and no record ever disclosed where he ever conveyed it away, and for these reasons aforesaid the plaintiffs are entitled to the same

by the law of inheritance made and provided in this state, and they claim title to said lot by said law of inheritance.''

Appellants filed reply to the answer and cross-petition of Leslie Beatty, et al., and put in issue all of the material averments thereof, denying the ownership of the twelve and six-tenths acres by the Beattys, and denying that they were the heirs of Jeremiah Redfern or entitled to inherit from him.

Further pleading appellants averred that they were the owners of the whole of the thirty-six and six-tenths acres described in their deed to appellee and had been in the actual, open, continuous, adverse and uninterrupted possession of the whole thereof for more than fifteen years next before the institution of the action. And further pleaded that appellee, Leslie Beatty, conveyed all of his rights in the land to appellants and that William Henry Beatty had, prior to the date of the deed, conveyed all of his interest therein to Leslie Beatty and that appellants thereby acquired all of the interest of the Beattys in and to the lands. These averments of the reply of appellants to the cross-petition of the Beattys were not traversed or put in issue.

Many questions are presented by brief of counsel, but we think it will be necessary to consider only a part of them in order to dispose of this case.

It is a well established rule that persons claiming the right to take an estate as heirs or distributees, through others as such, have the burden of pleading and proving a particular degree of relationship to the alleged intestate and that there are no others entitled to take before them. Combs, et al. v. Cardwell, 164 Ky. 542; Craig v. Welch Hackley Coal & Oil Co., 73 S. W. 1035; Dailey v. O'Brien, 96 S. W. 521; 27 R. 812; Fite v. Orr, 1 S. W. 582; 8 R. 349. There is no evidence of consequence or probative value showing the Beattys, appellees herein, were entitled to inherit from Jeremiah Redfern, even if there were no other heirs. It is neither alleged nor proved that Jeremiah Redfern did not leave children or descendants of children. The averments of the cross-petition to the effect that the appellees, Beattys, are the sons of Mary Beatty and that Mary is the daugher of Reese Redfern, and that their mother was the granddaughter of Elish Redfern does not show that they are entitled to inherit from Jeremiah Redfern. Neither is their averment that

they are the only living heirs of Jeremiah Redfern a suffi-
cient allegation. At most it is only a legal conclusion.
Aside from being indefinitely and defectively pleaded
there was no proof to establish the facts. Neither of the
Beattys gave their deposition showing the relationship
or how they were entitled, if at all, to inherit from Jere-
miah Redfern. Then, too, the pleading attempting to aver
the presumptive death of Jeremiah Redfern is wholly in-
sufficient. While it is alleged that Jeremiah Redfern had
been gone for many years and for more than seven years,
and that the pleaders have not heard from him within
that time, there is no averment that he was actually dead
at the time of the filing of the pleadings or that he had
not returned to the state, if absent, or been heard from by
other persons. By section 1639, Kentucky Statutes, it is
provided:

> "If any person, who shall have resided in this
> state, go from and do not return to this state for
> seven successive years, he shall be presumed to be
> dead, in any case wherein his death shall come in
> question, unless proof be made that he was alive
> within that time."

It will be observed that the presumption of death
only arises when any person who shall have resided in
this state, go from it and do not return to this state for
seven successive years. There was no averment that
Jeremiah Redfern departed from this state and had not
returned to it.

The insufficiency of the pleadings of the intervening
petitioners as well as the absence of evidence to sustain
such averments of that pleading as were sufficient, made
it incumbent upon the trial judge to dismiss the interven-
ing petition and hold that the Beattys were not entitled
to recover any part of the lands in controversy, and in
failing to so hold the chancellor was in error.

Coming now to the original cause of action between
Mrs. Rush and appellee, Eidson, upon the notes for the
balance of the purchase price of the land sold by Mrs.
Rush to appellee, it should be observed that no cause of
action by way of counterclaim or otherwise lies against
the vendor by his vendee based on mutual mistake as to
title, or for deficiency in acreage from a potential future
failure of title where the vendee was put in peaceable
possession of the whole and has not been evicted, is a

resident of the state and solvent, even though there was a covenant of general warranty. Towels v. Campbell, 204 Ky. 591; Morris v. McDonald, 196 Ky. 716; Boggs v. Bush, 137 Ky. 95; Nave v. Price, 108 Ky. 105.

The evidence introduced by both appellants and appellees proves beyond doubt that no person, not even the Beattys, were claiming any interest in or to any part of the thirty-six acres conveyed by appellants to appellee, Eidson, up to the time of the commencement of the action, or indeed at all. Appellee, Eidson, was placed in possession of the whole tract and continued in such possession, at peace with the whole world so far as his title was concerned, until after the commencement of this suit by Mrs. Rush to recover judgment on her notes and to have them adjudged a lien against the lands. Appellee, Eidson, admits in substance that he bought the lands in 1920 at the peak of prices and found it burdensome to make the payments and would like to be relieved from his bargain; that he hunted up the Beattys and insisted that they file an intervening petition in order that he might get relief in this litigation from his bargain. As the intervening petition was and must be held defective and insufficient, the action becomes one between the vendor and vendee to recover the purchase price and enforce the lien against the land, on the one side, and recoupment for potential deficiency of acreage on the other. In such case the vendee, who is in peaceable possession of the whole premises, cannot successfully defend against the collection of the notes and enforcement of the lien by showing a potential deficiency in title or acreage without also alleging and proving the nonresidency of the plaintiff, or the plaintiff's insolvency. Neither of these things was done by appellee, Eidson. Had he not sought out the Beattys there would have been no controversy as to the twelve and six-tenths acres, it would seem, which had been for many years in the actual, open, adverse possession of appellants and their predecessors in title.

In holding that the Beattys were, on their intervening petition, entitled to recover the twelve and six-tenths acres supposed to be the share of Jeremiah Redfern in his father's landed estate, and adjudging appellee, Eidson, entitled to recover $1,204.93 for such deficiency, the lower court was in error. The intervening petition should have been dismissed for the reasons indicated above and judgment entered in favor of appellants against appellees upon the notes declared upon, and the land adjudged in

· lien to satify the purchase money. Upon a return of the case the judgment heretofore entered will be set aside and judgment in conformity to this opinion entered.

Judgment reversed.