## Beetem et al. v. Turner et al.

(Decided November 27, 1928.)

### Appeal from Henry Circuit Court.

1. Deeds.—Though answer, counterclaim, and cross-petition in suit for sale of land and division of proceeds denied that plaintiffs had any title in the land, but admitted execution of deed under which plaintiffs claimed, the plea was a mere denial of the effect of deed rather than of its execution and delivery.

2. Appeal and Error.—Where neither order sustaining demurrer and dismissing defendant's pleading in suit claiming one-fourth inter-

est in land, or that of adjuding land to be indivisible and directing the sale, adjudged respective interests of parties, defendants were not prejudiced by reason of any failure to adjudge them owners of undivided three-fourths interest.

D. E. WOOLDRIDGE and W. A. WHEELER for appellants.

TURNER, TURNER & BATES for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Affirming.

The appellees, claiming jointly an undivided one-fourth interest in a tract of 67 acres of land in Henry county, brought this suit against the appellants asking a sale of the land and division of the proceeds. The appellants set up in part the chain under which appellees were asserting title, and averred they had no interest in the property. They prayed for such an interpretation of the will of J. F. Morris as would result in the cancellation of a deed of Luther Morris to Park Smith and the quieting of their title to the property.

The appellees are the heirs at law of Park C. Smith. By deed of September 29, 1913, Luther R. Morris conveyed to Smith his undivided one-fourth interest in the tract involved, subject to the life estate of his mother, Lucy Morris, acquired in a deed inter partes executed in February, 1902. Mrs. Morris, the life tenant, died in the year 1927. A decision of the case rests upon the construction of the will of J. F. Morris, who died in the year 1901.

In the first clause of the will certain personal property is bequeathed to the widow, and it was further provided:

"She to have her dower interest set off to her out of my land in Henry County."

The second clause of the will is as follows:

"All the remainder of my estate I hereby will to be equally divided among my four children, Laura Morris, Luther R. Morris, Minnie Anderson and Lillie Beetem, share and share alike, except that Laura is to have Two Hundred Dollars before a division is made. My son Luther R. Morris is to be charged with Two Hundred and Eighty Dollars which I have advanced to him. In the division of my estate my son Luther is to have the tract of Forty

Acres and my half interest in One Hundred and Sixteen Acres of land in Oldham County conveyed to me by Coons and Mitchell for which he is to be charged Eighteen Hundred Dollars, and if his portion of my estate when divided does not amount to so much as Eighteen Hundred Dollars then he will be required to pay to my estate for the benefit of my said three daughters the amount of the difference between the said valuation and what his said portion amounts to, and this difference shall be a lien on said land to secure its payment and when said difference has been paid then my Executor shall make him a proper deed of release to be recorded in the Oldham County Court Clerk's Office.''

Other provisions of the will have no bearing on the case.

In the deed of partition the property here involved was conveyed to the widow, Mrs. Lucy Morris, ''as her dower interest in the whole of the real estate left by J. F. Morris.'' There is no reference to the disposition of the remainder interest. It is recited that Luther Morris had purchased for cash the interest allotted to two of his sisters, in certain described property which was conveyed to him in fee simple. Another tract was similarly conveyed to the other sister. It appears that the testator owned other land in Oldham county, and this deed provides that the conveyance should not affect title to that land except in so far as the widow was concerned.

It is alleged in the answer, counterclaim, and cross-petition that Luther R. Morris received by the terms of the will a tract of 40 acres, and testator's one-half interest in the 116 acres mentioned therein, at a charge of $1,800, but that his interest in the estate when distributed amounted to $1,620 only, that he thereby became indebted to the estate for the benefit of his three sisters the difference of $180, in satisfaction of which deficit or indebtedness the other devisees had accepted Luther Morris' remainder interest in the 67-acre dower tract. They averred that under the will (apparently taking into consideration the alleged adjustment) he did not at any time have any interest in that tract, and consequently his attempted conveyance thereof to Park Smith was of no effect.

The allegations as to the disposition of Luther Morris' share in the remainder in the dower tract is not supported by any averment of conveyance or written me-

morial of any kind, and it must be construed as a mere conclusion of the pleader or his interpretation of the will. There is nothing whatever to show that Luther Morris ever made any conveyance to his sisters of such interest in satisfaction of any deficit between his distributable share in the estate and the amount with which he was charged for the land accepted under the terms of the will. If there was in fact such a deficiency, by an express provision of the will the property received by him was placed in lien to secure its payment.

It is contended by appellants that the devise to Luther Morris of the two farms in Oldham county at a charge of $1,800 (subject to an advancement of $280) was his full share, and that he took no further interest in the estate. Manifestly, this is not correct, for the testator specifically declared his intention to be that, after carving out the dower of his widow, the remaining estate should be equally divided among his four children, share and share alike, except the special devise of $200 to his unmarried daughter. Accentuating this intention are the directions respecting the value to be placed upon the land devised to his son and placing a lien on it to secure an equalization. If, as a matter of fact, Luther received more than his proportionate share, taking into consideration his remainder interest in the dower tract, the adjustment was or is a matter involved in the settlement of the estate of J. F. Morris. See Penick v. Lewis, 194 Ky. 231, 238 S. W. 745, in which the facts are similar to those in this case.

Complaint is made that the answer, counterclaim, and cross-petition of appellants was dismissed although (1) it traversed the allegations of the petition, and (2) asserted their right to the entire title in the land. In any event, they say they were the joint owners of an undivided three-fourths interest which at least should have been adjudged them. While there was a denial of a conveyance by Luther Morris to Park Smith and that plaintiffs had any title in the land, the execution of the deed by Morris to Smith was admitted, and in other parts of the pleading and the exhibits filed material allegations of fact are conceded. So that this plea must be considered as merely denying the effect of the deed, rather than denying its execution and delivery. The petition did not claim but one-fourth interest as belonging to the plaintiffs, and specifically alleged that the defendants were

the owners of the balance. While neither the order sustaining the demurrer and dismissing the pleading, nor that adjudging the land to be indivisible and directing a sale (the proceeds to be held by the master commissioner pending the appeal), adjudges the respective interests of the parties, the appellees, as defendants, were not prejudiced or affected, and their interest will be adjudged when a division of the proceeds is directed.

The judgment of the lower court is affirmed.