Gibson's Administrator et al. v. Commonwealth, for
Use and Benefit of Hamilton et al.

(Decided Jan. 25, 1935.)

HOWARD & MAYO and COMBS & COMBS for appellants.

HILL & HOBSON for appellees.

Opinion of the Court by Judge Perry—Affirming.

One John Gibson, a resident of Floyd county, Ky., and the owner of a small tract of land therein and some $700 or $800, died April, 1929, intestate. At the time of his death he was a single man, without lineal descendants, but left some seventeen collateral heirs, consisting of brothers and sisters and nieces and nephews, who inherited his estate.

J. M. Clark, the appellant, was appointed and qualified as administrator of the estate, with S. Nunnery, W. P. Mayo, J. M. Hall, and John L. Layne as sureties on his bond as such.

The appellees, Basil Hamilton and his wife, Flossie Hamilton, plaintiffs below, purchased this land and personalty owned by John Gibson at the time of his death from the aforesaid heirs and distributees of his estate. After obtaining and paying for the several deeds of conveyance and assignment of the heirs to their several interests in the land and personalty, the appellant J. M. Clark was, upon exceptions made to his administrator's settlement, adjudged to have misapplied, converted, and failed to account to the estate for $779.15 of the money and proceeds of the estate property coming into his hands as administrator.

Thereafter, on March 22, 1932, Basil Hamilton and wife, as grantees and assignees of the interests and rights of the aforesaid heirs in the estate and administrator's bond to account therefor, filed this action in the name of the commonwealth against J. M. Clark, the administrator, and the aforesaid sureties on his bond, as such, to recover this sum of $779.15, with interest, alleging that it had been received and misappropriated to his personal use, without accounting therefor to the heirs and beneficiaries of the estate. Plaintiffs filed also an amended petition, in which they set up the several grants and assignments received from the alleged

heirs of John Gibson and filed therewith certified copies of certain reports filed by Clark as administrator and also of the several deeds and assignments under which plaintiffs claimed to have acquired title to the property and benefit of the bond.

To the petitions, an intervening petition, answer, and counterclaim were filed by one Robert Gibson, a brother and heir of the deceased, John Gibson, in which he was joined by the other coheirs and in which they set out the names of all the lawful heirs of John Gibson, deceased, with their particular degrees of relationship to him, all of whom were the intervening petitioners and acknowledged their execution and delivery of the deeds conveying and assigning their several respective interests so inherited by them in the land and personalty of John Gibson. But after so admitting their conveyance and assignment of their several interests in the estate to plaintiffs, they further undertook by answer to cancel the same on the grounds that they were procured by fraud, inadequacy of consideration, etc., vitiating them. The appellants, Clark and his sureties, also filed a separate answer, in the first paragraph of which they traversed the allegations of the petitions, alleging that all of the John Gibson heirs and next of kin had conveyed and assigned their respective rights and interests in the Gibson estate to plaintiffs, but then by a second paragraph they adopted and repleaded the allegations of the intervening petition and answer of Robert Gibson and coheirs admitting their execution and delivery of deeds of conveyance and assignment of their interests in the John Gibson estate to plaintiffs, but also sought, as did they, to avoid the deeds, admitted executed, by alleging that plaintiffs fraudulently procured them, for which reason they should be canceled.

Appropriate pleadings completed the issues joined, when the case was submitted upon the record, without other proof, for judgment, when judgment was given plaintiffs for the amount sued for and costs. The appellant Clark and his sureties, complaining of this judgment, prosecute this appeal.

They contend for reversal that the plaintiffs failed to prove their case, in that, they insist, under the pleadings the appellees assumed the burden of sustaining by legal evidence (a) the names of the heirs and

next of kin of John Gibson; and (b) that they had purchased and received assignments from all of them for the bond sued upon.

These two contentions, each presenting the sufficiency of the evidence to support the judgment, are so interwoven that we deem they may be appropriately considered together. The question presented by them for our determination is: Have the plaintiffs maintained by the pleadings and exhibits filed therewith the burden of proof assumed in their petitions, in alleging that they are the owners of the John Gibson estate under title thereto received under and through the several deeds of conveyance and assignment also alleged executed and delivered them by persons whom they further allege are all of the said deceased Gibson's heirs shown to have inherited his estate?

It may be conceded that it is a well-established rule that "persons claiming the right to take an estate as heirs or distributees, through others as such, have the burden of pleading and proving a particular degree of relationship to the alleged intestate, and that there are no others entitled to take before them." Rush v. Eidson, 215 Ky. 526, 286 S. W. 780, 782. Also it follows that one undertaking to establish his title to an estate, through purchase and conveyance of it from such heirs, assumes the same burden of establishing their inheritance of the estate by his grantors or that they thus legally acquired the estate which they, by their several deeds, executed and delivered him, have attempted to convey and assign him.

The appellees (plaintiffs below) by their amended petition alleged a number of deeds received by them from the alleged heirs of John Gibson without therein setting out the degree of relationship of their grantors to the deceased and without alleging that there were no other or nearer relatives entitled to take in preference to them.

Plaintiffs' pleadings, in thus alleging title to the estate, were to such extent, when measured by the rule supra, insufficient, by reason of their failure to properly allege with greater particularity the necessary facts showing inheritance of the estate by their grantors, under and through whom they claim the property. Plaintiffs' claim made in their petition to ownership,

by purchase, of the John Gibson estate is bottomed upon the allegations that all the heirs of John Gibson had, as such, assigned their respective rights and interests in the lands and personalty of the decedent to them by the certain deeds, which had been legally recorded, and certified copies, as evidence in support of title, were filed as parts of and exhibits with their petition. To this pleading, alleging plaintiffs' title thus acquired to the Gibson estate through grant and assignment made them by the Gibson heirs, the said heirs and alleged grantors of plaintiffs filed their intervening petition, answer, and counterclaim, wherein the defects of the petition were cured by its allegations and wherein was set out the names of all the heirs of the deceased, John Gibson, their respective relationship to the deceased and that they were the sole heirs of the deceased, John Gibson, themselves showing that no others were entitled to take of the estate before them (their grantors) by alleging that:

> "John Gibson died a resident of Floyd County, Kentucky, as set out in plaintiffs' petition herein; that the said John Gibson died single and left surviving him, no issue, and that they are his next of kin and his sole surviving heirs."

By the language quoted, it is to be seen that these said named heirs and grantors of plaintiffs, answering as intervening petitioners, admit that they are the decedent's next of kin and his sole surviving heirs. However, while so admitting their heirship, and later in the answer their execution of these instruments of conveyance, they further sought cancellation of their executed deeds upon the ground that they were by plaintiffs procured of them through fraud. Also, to like effect, the appellants Clark and his sureties filed separate answer to plaintiffs' petitions, wherein they adopted and repleaded the allegations and admissions as set out in the intervening petition by alleging:

> "That by reason of said false representations and concealments *they* [the Hamiltons] *induced said heirs of John Gibson* to execute five deeds of conveyance which purport * * * to embrace and convey all of the real estate and money and personal property of John Gibson, deceased; that they paid *said heirs of John Gibson,* deceased, not more than $200 for all the land and personal property and money

supposed to have been owned by John Gibson at the time of his death; * * * that they are now informed that *the heirs of John Gibson* who executed said deeds are claiming that said deeds are fraudulent and void. * * *'' (Italics ours.)

Clearly the quoted allegations of these pleadings admit the execution of the deeds relied on by plaintiffs to have been made by all the heirs of John Gibson effective for conveying all of the real estate, money, and personal property of his estate to plaintiffs, even though, after pleading and thereby admitting so much, they further attempt to raise the question of the validity of the deeds made plaintiffs upon the alleged ground of their procurement by fraud. Also, meeting this question raised by appellants, that plaintiffs failed to show by any evidence that they purchased the interest of each and all of the Gibson heirs, the plaintiffs' burden assumed of showing such facts appears to have been satisfied and established for them by appellants' express admission thereof in thus declaring in their answer:

"For further answer herein these defendants state that they are *informed and believe and allege as a fact* that after the death of John Gibson, deceased, the plaintiffs, Basil Hamilton and Flossie Hamilton and one George Gibson, entered into a fraudulent collusion for the purpose of acquiring the land and personal property and money owned by John Gibson at the time of his death * * * for a grossly inadequate consideration; that in pursuance to said collusion they falsely represented to the numerous *collateral heirs of John Gibson* [who died intestate, unmarried and without issue and left numerous brothers and sisters or the issue of brothers and sisters] that the only estate left by the said John Gibson was a small tract of land containing one or two acres, worth about $100.00, and further falsely represented to them that he left no money or personal property of any value; that by reason of said false representations and concealment, they induced *said heirs of John Gibson* to execute five deeds of conveyance which purport * * * to embrace and convey all of the real estate and the money and personal property of John Gibson, deceased; and that they paid said heirs of John Gibson, deceased, not

more than $200.00 for all of the land and personal property and money supposed to 'have been owned by John Gibson at the time of his death. * * *'' (Italics ours.)

In answer to appellants' contention made that the plaintiffs have failed, upon the issues made by the pleadings, to show by legal evidence the names of the heirs of John Gibson or that they purchased and received assignments from all of such heirs of their interests in the John Gibson estate, it is our opinion that it is thus shown by the record that the plaintiffs have maintained these issues made by the pleadings as to their right and title, under the Gibson heirs, to his estate both by the admissions made by the heirs in their intervening petition and also those likewise made by appellants, through adopting and pleading the same by their answer, expressly alleging that all the named heirs of John Gibson executed the claimed instruments of conveyance of their interests in his estate to the plaintiffs. The proof of such facts made by such admissions was further augmented by the recitals of the deeds executed by the named heirs, conveying and assigning their interests in the lands and personal property of the Gibson estate to plaintiffs, certified copies of which were filed as parts of and as exhibits with the petition. These certified copies of the deeds, legally recorded, were themselves (under the provisions of section 519, Kentucky Statutes) prima facie evidence that such grants were made and effective to convey according to the tenor of their terms, even without proof of the execution of the original deeds. Bowling v. Turner, 189 Ky. 526, 225 S. W. 149.

Appellants contend that such an effect, as admissions, should not be given the language of the pleadings filed by them and the interveners upon the very narrow ground that neither ever by their pleadings admitted the identity of the persons named as grantors in the certified copies of the deeds with the heirs or all of the heirs of John Gibson. It is sufficient to say that the language of the pleadings themselves refutes this contention. Defendants further contend that such admission is not made because by the first paragraph of their answer they deny that the heirs of John Gibson executed the instruments of conveyance in question or as evidenced by the certified copies of them, even though

they may have, by the second paragraph of the answer, sought to avoid them by alleging that they were procured by fraud, for which they should be canceled.

However, while it may be conceded that it is a well-established rule of law that pleas of non est factum and fraud are not inconsistent, as was held in Walsh v. Pearce, 148 Ky. 760, 147 S. W. 739, we are none the less of the opinion that the appellants have not here brought themselves within the saving provisions of that rule, where they have by the first paragraph of their answer formally traversed the allegations of the petition, but by its second paragraph have expressly admitted the execution of the deeds by the parties through whom plaintiffs claimed title to the estate and, admitting their execution, only seek to avoid its effect through alleging that the deeds were procured through fraud. Certainly such admitted denial and later express admissions of the execution of the deeds are inconsistent and bring the case well within the applicable rule recognized and announced in Beetem v. Turner, 226 Ky. 456, 11 S. W. (2d) 140, 141, as follows:

> "While there was a denial of a conveyance by Luther Morris to Park Smith and that plaintiffs had any title in the land, the execution of the deed by Morris to Smith was admitted, and in other parts of the pleading and the exhibits filed material allegations of fact are conceded. So that this plea must be considered as merely denying the effect of the deed, rather than denying its execution and delivery"—

and also in Graham v. Rice, 203 Ky. 614, 262 S. W. 968, 969, where this court, in again dealing with this question of pleading, said:

> "It is true that the answer contains such a statement [a denial], but it also contains an express admission that the lease was read by the master commissioner at the sale. * * * Obviously, the admission rendered the denial wholly ineffective for any purpose."

Appellants further argue that plaintiffs have not met the requirement of establishing title to the assets of the estate for the reason that the assignments, therein recited, of their interests in the personal property of the estate, or in the bond here sued on, were not, by

reason of being a part of such deeds, legally recorded instruments, making the certified copies thereof prima facie evidence of their assignment, but were, at best, merely private bills of sale.

It is sufficient to say that, as the assignments were contained in and were a part of these grants of real estate, which were recordable instruments as such, they were, as parts thereof, legally recorded and became public papers, even if alone not recordable, and which, having been admitted (as stated supra) by appellants to have been executed as assignments of their interests in the personal property as recited in the deeds, were competent as evidence of such fact.

Several arguments regarding matters de hors the record are advanced and injected in the briefs by both parties, either by way of defense or disparagement of the character of the litigants before us, but, as to these matters, which would be improperly discussed here, it is sufficient to say they throw no light upon the issues here involved, nor are they of interest or helpful to the court in their consideration, and therefore will not be here either considered or discussed. Rather, it may be here stated that, after a consideration of the questions which have been properly presented of record by the appeal, it is our opinion that the court did not err in its ruling made upon the questions involved and for such reason the judgment is affirmed.