## Burton et al. v. Schooley.

January 17, 1950.

W. Scott Miller, Judge.

Hughett & Hughett for appellants.

Hayse & Hayse for appellee.

JUDGE HELM—Reversing.

This is an appeal from a judgment of the Jefferson Circuit Court in a suit for a declaration of rights in which the appellee, Josephine B. Schooley, asked the court to declare that she was the absolute owner, vested with a perfect title to real estate in Jefferson County, described in the pleadings and judgment.

Appellants, Aaron M. Burton and Bessie A. Burton, filed a demurrer to the petition. The demurrer was overruled. They declined to plead further. The court entered judgment in accordance with the prayer of appellee's petition, declaring appellee to be the absolute owner and vested with a perfect title to the real estate described.

The appellants are purchasers of one parcel of real estate described in the petition and judgment, and it is their contention that the deed from appellee to them

did not pass a clear and perfect title. The purchaser of the other tracts described in the pleadings has not appealed.

Appellants base their contention upon the fact that John Metz, an unmarried adult, a brother of appellee, disappeared from his home in Jefferson County, Kentucky, on July 5, 1915, and has never been heard of or from since that time. The father of appellee and John Metz died testate in Jefferson County, Kentucky, on November 18, 1921. By his will he devised all his property, including the real estate in question, to his wife, Josephine Metz, for life, with remainder to her children equally.

To settle the estate of the father, a judgment was entered in the Jefferson Circuit Court on October 14, 1925, declaring John Metz, who had disappeared in 1915, to be dead. On March 31, 1926, an amended petition was filed in the action, in which the unknown wife and unknown devisees of John Metz were made defendants. A warning order attorney was appointed and on June 9, 1926, he filed his report. On June 9, 1926, a supplemental judgment was entered in the action, again adjudging John Metz to be dead but not entering any judgment, so far as this record shows, against the unknown wife or unknown devisees of John Metz.

The real estate involved in this action was sold in the original action to settle the father's estate, and purchased by the mother, Josephine Metz. She conveyed it to her son, Casper Metz. Casper Metz, unmarried, died intestate July 2, 1932, in Jefferson County, survived by his sister, the appellee Josephine Schooley, and three other sisters—Agnes Gnadinger, Mary Metz, and Anna C. Metz—and a brother, Clarence T. Metz.

Agnes Gnadinger and husband, Clarence Metz and wife, Mary Metz and Josephine B. Schooley conveyed their interest in the real estate to Anna C. Metz. Anna C. Metz, unmarried, conveyed the real estate to Mary Metz, unmarried, and Josephine B. Schooley. Mary Metz, unmarried, died intestate June 15, 1946, survived by her sisters, Josephine B. Schooley and Agnes Gnadinger, and a brother, Clarence T. Metz. Later, Clarence

T. Metz and wife, and Agnes Gnadinger and husband, conveyed their interest to appellee.

Appellants contend that by reason of the foregoing facts John Metz, or his unknown wife or heirs or devisees, inherited an interest in the real estate, notwithstanding the above judgments.

In the present action John Metz, and his unknown heirs or devisees, are made parties defendant. A warning order attorney was requested for John Metz and his unknown heirs and devisees. By warning order, an attorney was appointed to warn John Metz and his unknown heirs and devisees to appear and defend this action. The warning order attorney made report saying that he had made a diligent effort to locate John Metz and his unknown heirs and devisees but was unable to do so. The record discloses, however, that no evidence was taken.

Civil Code of Practice, sec. 126, provides:

"Every material allegation of a pleading must, for the purpose of the action, be taken as true, unless traversed, as provided in paragraph 7 of sec. 113, except these, which must be proved though not traversed: * * *

"3. Allegations against a defendant constructively summoned, who has not appeared in the action."

In most of the cases we have examined, no question seems to have been raised as to a possible wife, or the unknown heirs or devisees of the person who disappeared, but such possible wife and heirs and devisees become a factor in establishing a clear title to the real estate in question. John Metz and his unknown heirs or devisees were constructively summoned. In this case there was no proof taken showing facts and circumstances which would justify the court in saying that the absent heir was dead, and that he died unmarried and without issue  Evidence should have been taken.

In the English case of In re Jackson, L. R. Ch. Div. 1907, 2 page 354, it is said: "If it is proved that long ago a man died, and there is nothing to show whether he died without issue or with issue, I agree in the American doctrine that there is no presumption either way * * *. It is not a case of presumption but of proof, sufficient if not conclusive proof."

In Riley v. Taylor's Guardian, 238 Ky. 256, 37 S. W. 2d 59, 60, it is said: "* * * proof may be direct, or it may be circumstantial, arising from the circumstances under which the person left, his reasons for leaving, or concealing his whereabouts, his age, condition of health, his motives for not returning or keeping in communication with his home, and the like."

The judgment is reversed for proceedings not inconsistent with this opinion.